STATE OF CONNECTICUT *v.* ZULFI STRIKCANI
(12242)

LAVERY, HEIMAN and SCHALLER, Js.

Argued March 24—decision released June 14, 1994

*Richard M. Marano,* special public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.,* assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's attorney, and *Eva Lenczewski,* assistant state's attorney, for the appellee (state).

SCHALLER, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of assault in the second degree in violation of General Statutes § 53a-60 (a) (1).[1] The defendant claims that the trial

---

[1] General Statutes § 53a-60 (a) provides in pertinent part: "A person is guilty of assault in the second degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person . . . ."

court improperly failed to set aside the jury verdict because (1) the jury found the defendant guilty of assault in the second degree as a lesser offense included in the offense of assault in the first degree, while finding the defendant not guilty of the lesser included offenses of assault in the third degree and disorderly conduct, and (2) the jury disregarded the court's "acquittal first"[2] instruction. The defendant seeks review of both unpreserved claims under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). Because the defendant does not satisfy the first prong of the *Golding* analysis with respect to either claim, we affirm the judgment of the trial court.

The defendant was charged with assault in the first degree in violation of General Statutes § 53a-59 (a) (1).[3] The jury found the defendant not guilty of the charged offense, but found the defendant guilty of the lesser included offense of assault in the second degree. Upon inquiry of the court as to the disposition of the other lesser included offenses, the jury foreperson responded that the defendant was not guilty of the lesser included offenses of assault in the third degree and disorderly conduct.[4]

To obtain review of these claims the defendant must satisfy all four of the conditions enunciated in *State* v.

---

[2] An "acquittal first" instruction requires the jury unanimously to find the defendant not guilty of the greater offense before it may consider a lesser included offense. See *State* v. *Sawyer*, 227 Conn. 566, 582, 630 A.2d 1064 (1993).

[3] General Statutes § 53a-59 (a) provides in pertinent part: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

[4] We note that when a jury is instructed regarding lesser included offenses and it returns a verdict of guilty, either to the charged offense or to any lesser included offense, the inquiry by the court is to cease regarding any other lesser included offenses. See generally 5 Connecticut Practice, D. Borden & L. Orland, Criminal Jury Instructions (1986) § 4.6, p. 118.

*Golding,* supra, 213 Conn. 239–40. The four conditions are as follows: "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." Id. We conclude that the defendant's claims fail to meet the first prong of *Golding.*[5]

Our Supreme Court has stated in *Golding* that, "[t]he defendant bears the responsibility for providing a record that is adequate for review of his claim of constitutional error. If the facts revealed by the record are insufficient, unclear or ambiguous as to whether a constitutional violation has occurred, we will not attempt to reconstruct the record, or to make factual determinations, in order to decide the defendant's claim." Id., 240. The record in this case does not provide an adequate basis for reviewing either of the defendant's claims. It is insufficient to determine whether the jury disregarded the trial court's instructions and continued deliberations after finding the defendant guilty of assault in the second degree, or if the jury foreperson was simply responding to the inquiry of the court regarding the two lesser included offenses with a verdict of not guilty because the jury did not deliberate these charges. The record is insufficient, as well, to determine whether the jury followed or disregarded the "acquittal first" instruction. To make such determinations, it would be necessary to remand the case to the trial court for further findings of fact. Because the first prong of the *Golding* analysis was designed to avoid

---

[5] It is therefore unnecessary to examine the remaining conditions as a claim must meet all four prongs in order to prevail. *State* v. *Golding,* supra, 213 Conn. 239–40.

just such a situation, a remand would be inappropriate. *State* v. *Torres,* 31 Conn. App. 443, 448–49, 625 A.2d 239 (1993).

The judgment is affirmed.

In this opinion the other judges concurred.