STATE OF CONNECTICUT *v.* LUIS SOSTRE
(AC 21435)

Foti, Mihalakos and Dranginis, Js.

Argued September 24—officially released December 3, 2002

*Sean K. Crowshaw*, special public defender, for the appellant (defendant).

*Joseph T. Corradino*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Matthew C. Couloute, Jr.*, former assistant state's attorney, for the appellee (state).

*Opinion*

MIHALAKOS, J. The defendant, Luis Sostre, appeals from the judgment of conviction, rendered after a jury trial, of attempt to commit murder in violation of General Statutes §§ 53a-49 and 53a-54a (a), and assault in the first degree in violation of General Statutes § 53a-59. The sole issue on appeal is whether a remark made

by the prosecutor in his rebuttal argument to the jury amounted to prosecutorial misconduct that deprived the defendant of a fair trial. We conclude that the defendant was not denied a fair trial and, therefore, affirm the judgment of the trial court.

The following procedural history and facts are pertinent to the defendant's appeal. On September 29, 1999, at or about 5:09 p.m., Noel Rodriguez was shot while standing near building seven at Marina Village in Bridgeport. The police later arrested the defendant and charged him with attempt to commit murder, assault in the first degree, carrying a pistol or revolver without a permit in violation of General Statutes § 29-35 (a) and reckless endangerment in the first degree in violation of General Statutes § 53a-63 (a). During the trial, upon the completion of the state's case-in-chief, the court granted the defendant's motion for a judgment of acquittal as to count three of the information.[1] The state, accordingly, amended the information.

On September 14, 2000, after a full hearing, the jury returned a verdict of guilty on the counts of attempt to commit murder and assault in the first degree, and not guilty on the reckless endangerment count. On November 3, 2000, the court sentenced the defendant to a term of fifteen years imprisonment for attempt to commit murder and ten years imprisonment, suspended after five years with five years probation, for assault in the first degree. The sentences were to be served consecutively. This appeal followed.

The defendant claims that certain statements made by the prosecutor in the rebuttal portion of the state's closing argument deprived the defendant of a fair trial under the due process clauses of both the United States

---

[1] Count three refers to the charge of carrying a pistol or revolver without a permit in violation of General Statutes § 29-35 (a).

and the Connecticut constitutions.[2] The defendant argues that those statements were improper because the prosecutor speculated about what would have happened had other witnesses given testimony.[3] The defendant concedes that he did not preserve the issue for appeal. Therefore, the defendant seeks review of his unpreserved claim pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

"The defendant seeks *Golding* review for his unpreserved [claim], as he must, because he failed to object to the comments at trial or to request a curative charge. . . . When one fails to do either of those, we have presumed that defense counsel did not view the remarks as so prejudicial that his client's right to a fair trial was seriously jeopardized. . . . Under *Golding*, a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Cita-

---

[2] In the prosecutor's rebuttal argument, he made the following challenged remarks: "So, the question is, do you get it? And I think you do, and I think you understand why there aren't any other witnesses that were brought in, and I think you understand why he was questioned that way, and I think you understand why there was a lot of statements in this case that weren't allowed in because there are a lot of people who probably know about what happened and can probably corroborate that story, but we know why they're not here. So, you're left with Noel Rodriguez, and I want you to think about it."

[3] The state did not present any eyewitnesses to the shooting other than the victim, Rodriguez. Further, the defendant offered only three witnesses who allegedly were present at the shooting: Tamarius Maner, who stated that the defendant was not the shooter, and Robin Martinez and Maria Lopez, who testified that they did not see anything.

tions omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Johnson*, 71 Conn. App. 272, 287–88, 801 A.2d 890, cert. denied, 261 Conn. 939, 808 A.2d 1133 (2002).

We review the claim because the record is adequate to do so, and an allegation of prosecutorial misconduct in violation of the defendant's fundamental right to a fair trial is of constitutional magnitude. *State* v. *L'Minggio*, 71 Conn. App. 656, 675, 803 A.2d 408, cert. denied, 262 Conn. 902, 810 A.2d 270 (2002). We conclude, however, that the defendant's claim fails under *Golding*'s third prong because the challenged remarks did not deprive him of a fair trial.

"Prosecutorial misconduct can occur in the course of closing argument. . . . Our standard of review of a claim of prosecutorial misconduct that allegedly results in an unfair trial is well established. [T]o deprive the defendant of his constitutional right to a fair trial . . . the prosecutor's conduct must have so infected the trial with unfairness as to make the resulting conviction a denial of due process. . . . The fairness of the trial and not the culpability of the prosecutor is the standard for analyzing the constitutional due process claims of criminal defendants alleging prosecutorial misconduct. . . .

"The defendant bears the burden of proving that the prosecutor's statements were improper in that they were prejudicial and deprived him of a fair trial. . . . In determining whether prosecutorial misconduct was so serious as to amount to a denial of due process, this court . . . has focused on several factors. Among them are the extent to which the misconduct was invited by defense conduct or argument . . . the severity of the misconduct . . . the frequency of the misconduct . . . the centrality of the misconduct to the critical issues in the case . . . the strength of the curative measures

adopted . . . and the strength of the state's case." (Internal quotation marks omitted.) Id., 675–76; see also *State* v. *Miller*, 69 Conn. App. 597, 605, 795 A.2d 611, cert. denied, 260 Conn. 939, 802 A.2d 91 (2002).

"We have long held, however, that *Golding* review of such a claim will not result in reversal where the claimed misconduct was not blatantly egregious and merely consisted of isolated and brief episodes that did not reveal a pattern of conduct repeated throughout the trial . . . because in such a case the claimed misconduct is insufficient to infect the fundamental fairness of the trial itself." (Internal quotation marks omitted.) *State* v. *Johnson*, supra, 71 Conn. App. 288. Although the prosecutor's remarks were improper, they were not blatantly egregious and were isolated and brief. Therefore, the defendant was not deprived of a fair trial.

A thorough review of the transcript and record compels us to conclude that the prosecutor's rebuttal remarks did not so infect the trial with unfairness as to deny the defendant his right to a fair trial. First, the prosecutor's rebuttal remarks were offered in direct response to statements made by defense counsel in her closing argument.[4] Defense counsel, through her closing statement, invited the prosecutor to respond to her

---

[4] Defense counsel stated: "There was not—of all the people who live at Marina Village, and the police testified that it was a housing project, a lot of people lived there and, also a high crime area, shooting took place there a lot. There's a problem with this case, and, um, where are all these people? Uh, did they see it? . . . Did you get the impression that you weren't getting the whole picture from the state's evidence? . . . The state is asking that you convict a man, basically, solely on this one witness' version of what happened because nobody else was there who came in to testify even though Noel Rodriguez said, oh, six witnesses, three I know. There's nobody to corroborate his story, and you're expected—the state will get up here and demand that justice been done by convicting my client based on this one witness' testimony of what happened there even though this one witness says there are other people to be gotten, nobody else came in for the state to corroborate it."

questions concerning why he did not or could not present witnesses to corroborate the victim's story. As a result, the prosecutor's remarks were not so blatantly egregious that they infringed on the defendant's right to a fair trial.

Additionally, the challenged remarks were isolated. The remarks were made only once, during the rebuttal phase of the prosecutor's closing argument. We note that defense counsel did not object to the prosecutor's statement. Furthermore, defense counsel did not request a curative instruction.

This court realizes that the credibility of the witnesses was central to the case. "[The jury] is free to juxtapose conflicting versions of events and determine which is more credible. . . . It is the [jury's] exclusive province to weigh the conflicting evidence and to determine the credibility of witnesses." (Internal quotation marks omitted.) *State* v. *Colon*, 71 Conn. App. 217, 224–25, 800 A.2d 1268, cert. denied, 261 Conn. 934, 806 A.2d 1067 (2002). Moreover, the court instructed the jury that the arguments made by the attorneys were not evidence and should not be considered in deciding the facts of the case.

Because the defendant has failed to carry his burden under *Golding* of demonstrating that he was clearly deprived of his fundamental constitutional right to a fair trial, further review of his unpreserved prosecutorial misconduct claim is unwarranted. See *State* v. *Atkinson*, 235 Conn. 748, 768–70, 670 A.2d 276 (1996).

The judgment is affirmed.

In this opinion the other judges concurred.