## STATE OF CONNECTICUT *v.* DAVID L. PALMER
### (AC 22713)

Dranginis, Bishop and Dupont, Js.

Argued May 6—officially released July 29, 2003

*Michael A. D'Onofrio*, special public defender, for the appellant (defendant).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C.*

*Benedict*, state's attorney, and *Howard S. Stein*, assistant state's attorney, for the appellee (state).

*Opinion*

DRANGINIS, J. The defendant, David L. Palmer, appeals from the judgment of conviction, rendered after a jury trial, of attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-49 and 53a-134 (a) (4).[1] On appeal, the defendant claims that the trial court permitted the prosecutor to make certain improper remarks during his closing and rebuttal arguments to the jury, which, when taken together, denied the defendant his due process right to a fair trial under our federal and state constitutions.[2] We disagree and, accordingly, affirm the judgment of the trial court.

From the evidence presented at trial, the jury reasonably could have found the following facts. On the evening of July 20, 1999, the victim, Joanna Girardin, attended a work-related picnic in Waterbury. She left the picnic at about 9 p.m. and drove to Fairfield, where she had planned to meet some of her fellow employees.

When she arrived in Fairfield, at about 10:05 p.m., she went to the People's Bank at 838 Post Road to use the automated teller machine (machine) to withdraw $20 from her account. As she parked her car, she noticed a dark, box shaped car parked just a few spaces away from her car. The occupant of that vehicle was slouched down in the driver's seat. The victim exited her vehicle and walked toward the entrance to the bank. She used her access card to gain entry to the vestibule of the

[1] The defendant also entered a plea of guilty to being a persistent dangerous felony offender in violation of General Statutes § 53a-40 (a) (1) (A).

[2] Although the defendant claims that his due process right to a fair trial was violated under both the United States constitution and the constitution of Connecticut, he has not provided a separate analysis for his state constitutional claim. Accordingly, we deem it abandoned and will not afford it review. See *State* v. *Lindo*, 75 Conn. App. 408, 410 n.2, 816 A.2d 641, cert. denied, 263 Conn. 917, 821 A.2d 771 (2003).

bank where the machines were located and used the machine closest to the entrance.

As the victim was waiting for the machine to dispense the $20, the defendant entered the vestibule. The defendant greeted the victim and walked past her. He then turned back toward the door. After the machine had dispensed the victim's $20 and she had the money and her car keys in her right hand, the defendant jabbed something into the victim's right rear side and said, "I have a gun, give me your stuff." The victim did not believe that the defendant had a gun and resisted his attempts to grab the money from her hand as he hovered over her. The defendant was unable to get the victim's money, but he did grab her car keys and ran toward the door. The victim ran after him, yelling for him to give her the keys. The defendant threw the keys into the parking lot, got into his vehicle and drove away.

Later that evening, the victim called the Fairfield police from the home of a friend and reported the incident. At about 11:30 p.m., an officer arrived at the home of the victim's friend, and the victim explained to the officer what had happened and gave him a description of the man who had attempted to rob her. The next day, the victim went to the police station and gave the police a statement about the incident.

There were four security cameras operating at the bank on the night of the attack, which captured the incident on videotape. The bank gave the videotape to the Fairfield police department. The bank also provided the police with a still photograph of the male subject involved in the incident, which bank security had made from the videotape. About a week later, the Fairfield police met with the defendant and questioned him regarding the July 20, 1999 incident. The defendant told the police that he had a drug problem and that as a result, he could not remember whether he was in the

vestibule of the Fairfield bank on the evening of July 20, 1999. The police then showed the defendant the still photograph that bank security had given them. The defendant identified himself as the male subject in the photograph. The photograph showed that the defendant was wearing white shorts and a multicolored T-shirt. Sometime thereafter, the police executed a search warrant for the defendant's home and seized the clothing that he was wearing on the night of the incident.

The police subsequently arrested the defendant and charged him with attempt to commit robbery in violation of §§ 53a-49 and 53a-134 (a) (4). The defendant was convicted after a jury trial. This appeal followed. Additional facts will be set forth where necessary.

The defendant claims that the prosecutor made numerous improper comments during closing and rebuttal arguments to the jury that, when taken together, deprived him of his right to a fair trial. Specifically, the defendant claims that the prosecutor (1) improperly commented on the defendant's failure to testify, (2) improperly commented on the credibility of the state's witness and (3) impermissibly appealed to the emotions of the jury. We disagree.

At the outset, we note that the defendant's claim of prosecutorial misconduct was not preserved at trial. The defendant now seeks review of his claim under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[3] The defendant's claim meets the first two

---

[3] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. . . . The first two conditions are determinations of whether a defendant's claim will be reviewed, and the third condition involves a review of the claim itself. . . . When any one of these conditions is not satisfied, the claim will fail." (Citations omitted; internal quotation

prongs of *Golding* because the record is adequate for review and because an allegation of prosecutorial misconduct in violation of a fundamental right is of constitutional magnitude. We conclude, however, that the defendant's claim fails under the third prong of *Golding* because he has failed to demonstrate that the challenged comments clearly deprived him of his right to a fair trial.

Our standard of review of prosecutorial misconduct is well settled. "[P]rosecutorial misconduct of constitutional proportions may arise during the course of closing argument, thereby implicating the fundamental fairness of the trial itself . . . ." (Internal quotation marks omitted.) *State* v. *Burton*, 258 Conn. 153, 165, 778 A.2d 955 (2001). "[T]o deprive a defendant of his constitutional right to a fair trial . . . the prosecutor's conduct must have so infected the trial with unfairness as to make the resulting conviction a denial of due process. . . . We do not focus alone, however, on the conduct of the prosecutor. The fairness of the trial and not the culpability of the prosecutor is the standard for analyzing the constitutional due process claims of criminal defendants alleging prosecutorial misconduct." (Internal quotation marks omitted.) *State* v. *Yusuf*, 70 Conn. App. 594, 622, 800 A.2d 590, cert. denied, 261 Conn. 921, 806 A.2d 1064 (2002).

To determine whether claims of prosecutorial misconduct amount to a denial of due process, we employ a two part test. *State* v. *Brown*, 71 Conn. App. 121, 128–29, 800 A.2d 674, cert. denied, 261 Conn. 940, 808 A.2d 1133 (2002). We must first determine whether the challenged remarks were improper and, if so, we next determine "whether they caused substantial prejudice to the defendant. . . . In conducting our analysis [of

marks omitted.) *State* v. *Francis D.*, 75 Conn. App. 1, 10–11, 815 A.2d 191, cert. denied, 263 Conn. 909, 819 A.2d 842 (2003).

whether the remarks caused the defendant substantial prejudice], we focus on several factors: (1) the extent to which the misconduct was invited by defense conduct or argument; (2) the severity of the conduct; (3) the frequency of the conduct; (4) the centrality of the misconduct to the critical issues of the case; (5) the strength of the curative instructions adopted; and (6) the strength of the state's case." (Internal quotation marks omitted.) *State* v. *Yusuf*, supra, 70 Conn. App. 622–23. With those principles in mind, we turn to the defendant's claims of prosecutorial impropriety.

I

The defendant first claims that during closing argument, the prosecutor improperly commented on the defendant's failure to testify. We are not persuaded.

The following additional facts are relevant here. Immediately following the close of the defendant's case, the prosecutor began his closing argument. He stated as follows: "Good morning, ladies and gentlemen. We are coming down the proverbial home stretch, as they say. This is the point in time in the trial where you have heard the evidence that the state of Connecticut has provided you [in] regard to this matter. You have heard the defense, if any, that the defendant intended to present before you." The defendant challenges the prosecutor's statement: "You have heard the defense, if any, that the defendant intended to present before you." He claims that it was reasonable for the jury to construe the "if any" portion of that statement as a comment on the defendant's failure to testify.

"It is well settled that comment by the prosecuting attorney . . . on the defendant's failure to testify is prohibited by the fifth amendment to the United States constitution." (Internal quotation marks omitted.) *State* v. *Parrott*, 262 Conn. 276, 292–93, 811 A.2d 705 (2003). "The ultimate test of whether a prosecution argument

indirectly and impermissibly comments on the defendant's failure to testify is whether, because of its language and context, the jury would *naturally and necessarily* interpret it as comment on the defendant's failure to testify." (Emphasis added; internal quotation marks omitted.) *State* v. *Downing*, 68 Conn. App. 388, 398, 791 A.2d 649, cert. denied, 260 Conn. 920, 797 A.2d 518 (2002).

We are not persuaded that the comment challenged here was improper. First, the defendant asserts that it was *reasonable* for the jury to interpret the prosecutor's statement as a comment on the defendant's failure to testify. The test, however, is not whether it would be *reasonable* for the jury to interpret the comment as a comment on the defendant's failure to testify, but whether the jury would "*naturally and necessarily*" interpret it as such. See id. Second, we are not persuaded that because of its language and context, the jury would "naturally and necessarily" interpret the prosecutor's statement as a comment on the defendant's failure to testify. In its jury charge, the court specifically instructed the jury not to draw an adverse inference from the defendant's failure to testify. Furthermore, the prosecutor's statement did not focus the jury's attention on or allude to the fact that the defendant did not testify. Instead, it pointed out to the jury, at the outset, that the state had presented its case and that the defendant had offered very little evidence that tended to contradict the evidence presented by the state. Although a prosecutor may not comment on a defendant's failure to testify, he may comment on a defendant's failure to contradict the state's case. *State* v. *Morgan*, 70 Conn. App. 255, 295, 797 A.2d 616, cert. denied, 261 Conn. 919, 806 A.2d 1056 (2002). The prosecutor in the present case commented on the defendant's failure to contradict the state's case against him.

Accordingly, we conclude that the comment was not improper.

## II

The defendant next claims that the prosecutor improperly commented on the credibility of one of the state's witnesses during closing and rebuttal arguments.

The following additional facts are necessary to our resolution of the defendant's claim. In the victim's statement to the police, she described her attacker as a light skinned black male, twenty to thirty years old, a little taller than she is, which is about five feet, four inches tall, and wearing a green shirt and jeans. The victim's description of the defendant was less than accurate. At the time of the incident, the defendant was forty-three years old and about five feet, eleven inches tall. Furthermore, the videotape revealed that the defendant was wearing white shorts and a multicolored camouflage shirt at the time of the incident. The police seized white shorts and a multicolored camouflage shirt from the defendant's home.

During closing argument, the prosecutor urged the jury that when weighing the testimony of the victim, it should take into account the fact that she had been able to see the defendant only for a very short period of time because the entire incident occurred in a matter of seconds. He stated that defense counsel "will have you believe that this is an identification issue. An identification case. But is this an identification case? Miss Girardin testified as best she could. And you had the opportunity to view her demeanor and to view her. And part of your job is to determine [the] credibility of a witness. Based upon a moment in time, you will have some of the evidence, and I'll go through this a little bit later with you to be able to determine what exactly that time was for her to observe. But she came up here and through this process of the police and through her

cooperation in terms of testifying before you, has given you the best testimony she can give you."

The defendant's theory of the case was that the male subject depicted in the bank videotape and the still photograph was not the defendant. As the prosecutor predicted, during defense counsel's closing argument, counsel attacked the credibility of the victim by pointing out that the description that she had given the police did not accurately depict the defendant. In rebuttal argument, the prosecutor conceded that the victim's description of the defendant was less than accurate. He attempted to demonstrate to the jury, however, that although her description of the defendant was faulty, her account of what occurred that evening was accurate because it was corroborated by other evidence in the case. In doing so, the prosecutor stated: "Let's jump into what else you can trust about what Miss Girardin told you."

The defendant now argues that the prosecutor's comments that the victim "testified as best she could," had "given you the best testimony she can give" and that the jurors could "trust" some of the things that the victim had told them were expressions of the prosecutor's personal opinion that the victim testified truthfully. We disagree.

It is well settled that "[a] prosecutor may not express his own opinion, either directly or indirectly, as to the credibility of witnesses . . . . The prosecutor may, however, argue to the jury that the *evidence* and the reasonable inferences to be drawn therefrom should lead the jury to a conclusion as to the credibility of witnesses." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Rivera*, 61 Conn. App. 763, 775, 765 A.2d 1240, cert. denied, 256 Conn. 901, 772 A.2d 599 (2001).

We conclude that in the present case, none of the challenged remarks made by the prosecutor constituted a personal opinion as to the victim's credibility. First, the prosecutor's comments regarding the victim testifying as best she could did not vouch for her credibility. They simply implored the jury to keep in mind that the victim gave the best description she could, given the fact that she only had a few seconds to get a look at the defendant under less than favorable circumstances. Second, in focusing the jury's attention on what it could "trust" about the victim's testimony, the prosecutor was commenting on the reasonable inferences as to credibility that the jury could draw from comparing the victim's account of what happened during the July 20, 1999 incident with the other evidence in the case. In particular, the prosecutor noted that although the victim's description of the defendant was questionable, her description of the defendant's car was accurate, as was her description of the physical altercation between herself and the defendant, as corroborated by the bank videotape.

This court has held that it is not improper for a prosecutor to comment on evidence that supports the credibility of a witness. See *State* v. *Saez*, 60 Conn. App. 264, 268, 758 A.2d 894, cert. denied, 255 Conn. 905, 762 A.2d 912 (2000). We conclude, therefore, that the comments challenged here were not improper.

### III

Finally, the defendant claims that the prosecutor impermissibly appealed to the emotions of the jury during his closing argument. That claim is wholly without merit.

"A prosecutor may not appeal to the emotions, passions and prejudices of the jurors. . . . When the prosecutor appeals to emotions, he invites the jury to decide the case, not according to a rational appraisal of the

evidence, but on the basis of powerful and irrelevant factors which are likely to skew that appraisal." (Internal quotation marks omitted.) *State* v. *Yusuf*, supra, 70 Conn. App. 631.

Specifically, the defendant takes issue with the following comments, which the prosecutor made during rebuttal argument: "And again justice cries out. Justice cries out for a not guilty [verdict]. We'll go through the evidence in a second, see what justice cries out for." He also takes issue with the prosecutor's comments that "[t]he system does not protect the guilty" and "[t]he system does not call for the protection of people who commit crimes." What the defendant fails to point out, however, is that the prosecutor made the challenged comments during rebuttal in direct response to comments that defense counsel had made during his closing argument. First, with respect to the phrase "justice cries out," it was defense counsel who initially employed that language in his closing argument when he stated: "So, I think justice cries out for you to return a verdict of not guilty." Second, with respect to the prosecutor's argument that the system "does not protect the guilty" and "does not call for the protection of people who commit crimes," we conclude that those comments were in direct response to defense counsel's argument on the presumption of innocence.

"[W]hen a prosecutor's allegedly improper argument is in direct response to matters raised by defense counsel, the defendant has no grounds for complaint." (Internal quotation marks omitted.) *State* v. *Iannazzi*, 68 Conn. App. 456, 467, 791 A.2d 677 (2002).

Because we conclude that none of the remarks challenged here were improper, we need not address whether the remarks, when taken together, caused the defendant to suffer substantial prejudice such that he was deprived of his right to a fair trial. Even if we

assume arguendo that the prosecutor's remarks were improper, we must still consider them in the context of the entire trial and make a determination as to whether the fairness of the trial was compromised. See *State* v. *Pouncey*, 40 Conn. App. 624, 635, 673 A.2d 547 (1996), aff'd, 241 Conn. 802, 699 A.2d 901 (1997). In the context of this trial, the prosecutor's comments, if in fact improper, cannot be said to have caused the defendant substantial prejudice because they were not so egregious that they infected the entire trial. The prosecutor's comments were confined to closing argument, were, to some extent, invited by defense counsel, and the state had a very strong case against the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.