STATE OF CONNECTICUT *v.* ADRIAN STEVENSON (13203)

Heiman, Spear and Freedman, Js.

Argued October 2—decision released December 12, 1995

---

*John T. Walkley,* special public defender, with whom, on the brief, was *Margaret G. H. Moreau,* assistant public defender, for the appellant (defendant).

*Ronald G. Weller,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Roger Dobris,* assistant state's attorney, for the appellee (state).

HEIMAN, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of attempted robbery in the third degree in violation of General Statutes §§ 53a-49 and 53a-136, attempted larceny in the second degree in violation of General Statutes §§ 53a-49 and 53a-123, and assault in the third degree in violation of General Statutes § 53a-61. The defendant claims that it was improper for the trial court to give the jury a second "Chip Smith" charge.[1] We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On the evening of January 20, 1993, the victim walked home from his place of employment in New Haven. When the victim reached his driveway, the defendant pushed him down from behind, searched his pockets and demanded money. The victim responded that he did not have any money. The defendant punched the victim in the face two or three times. The victim

---

[1] The Chip Smith charge was developed in the case of *State* v. *Smith,* 49 Conn. 376, 386 (1881), to instruct the jury as to its duties in the event of deadlock. The jurors are charged, inter alia, to "pay proper respect to each other's opinions, and listen with candor to each other's arguments" in order to arrive at a unanimous verdict. Id. "This court and our Supreme Court have consistently upheld various forms of the Chip Smith charge designed to overcome possible jury deadlock. . . . Such a charge does not coerce a jury, but rather reminds jurors of their duties in the deliberative process." (Citations omitted.) *State* v. *Lyons,* 36 Conn. App. 177, 188, 649 A.2d 1046 (1994). Because the defendant does not attack the content of the two Chip Smith charges given at trial, we will not set forth or review the content of those charges here. We will address the only issue presented on appeal: "Did the trial court err in giving two Chip Smith charges to the jury."

cried out for help and the defendant fled. Later that evening, the police apprehended and arrested the defendant.

The defendant's trial began on Wednesday, September 29, 1993. The jury commenced deliberations on Friday, October 1, at 2:05 p.m. At 4:25 p.m. on that day, the jury reported that they could not reach a verdict. At that time, the trial court brought the jury into the courtroom and delivered to the jury a Chip Smith charge. The defendant did not object to either the delivery of the charge or its content. The jury resumed deliberations at 4:30 p.m. At 5 p.m., the trial court excused the jury until Tuesday, October 5. On that morning, the trial court reminded the jury that, on the previous Friday afternoon, the trial court had given the jury additional instructions in response to the jury's report that it was unable to reach a verdict. The defendant did not object to this reminder.[2] At 10:16 a.m. on Tuesday, October 5, the jury resumed its deliberations. At 2:36 p.m., the jury again informed the trial court that it could not reach a unanimous verdict. The state's attorney requested that the trial court repeat the Chip Smith charge. The defendant objected to a repetition of the Chip Smith charge. The trial court overruled the defendant's objection and delivered a second Chip Smith charge. The defendant did not object to the content of the charge. The jury resumed deliberations at 3:15 p.m. At 4:52 p.m., the trial court excused the jury until the following morning. At approximately 10 a.m. on Wednesday, October 6, the jury resumed deliberations. The jury returned its verdict of guilty on all counts at 11:10 a.m.

---

[2] Because the defendant did not object to this reminder at trial, we will not set forth or review the text of the reminder here. We note, however, that in State v. Bradley, 134 Conn. 102, 112, 55 A.2d 114, cert. denied, 333 U.S. 827, 68 S. Ct. 453, 92 L. Ed. 112 (1948), our Supreme Court rejected the defendant's claim that "the reading from and later reference to State v. Smith, supra, [49 Conn. 376] was an invasion by the court of the province of the jury."

The defendant claims that his state and federal constitutional rights were violated because the trial court gave the jury a second Chip Smith charge. We do not agree. The issue presented by the defendant is governed by this court's decision in *State* v. *Lyons*, 36 Conn. App. 177, 649 A.2d 1046 (1994). In *Lyons*, the defendant sought *Golding* review[3] of his unpreserved claim that it was improper for the trial court to repeat a Chip Smith charge. Id., 187. As does the defendant here, the defendant in *Lyons* claimed that the repetition of a Chip Smith charge violated his constitutional right to a jury that has not been coerced. Id. We declined to grant *Golding* review in *Lyons*, however, holding that "despite the defendant's claims, repetition of an otherwise appropriate charge *does not create an atmosphere of coercion that may threaten a defendant's constitutional right to a fair trial.*" (Emphasis added.) Id., 188–89. Thus, because we have already decided in *Lyons* that a trial court's repetition of a Chip Smith charge does not threaten a defendant's constitutional right to an uncoerced jury, the defendant's constitutional claim here that the jury was coerced by the trial court's repetition of a Chip Smith charge is without merit.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] See *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).