STATE OF CONNECTICUT *v.* SHERYL NICHOLS
(AC 23095)

Foti, Schaller and McLachlan, Js.

Argued December 4, 2003—officially released February 10, 2004

*Jeremiah Donovan*, special public defender, for the appellant (defendant).

*John A. East III*, senior assistant state's attorney, with whom, on the brief, were *Timothy J. Liston*, state's attorney, and *Barbara Hoffman*, senior assistant state's attorney, for the appellee (state).

*Opinion*

SCHALLER, J. The defendant, Sheryl Nichols, appeals from the judgment of conviction, rendered after a jury trial, of operating a motor vehicle while under the influence of alcohol in violation of General Statutes (Rev. to 2001) § 14-227a (a) (1)[1] and operating a motor vehicle while having an elevated blood alcohol content (BAC)

---

[1] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle . . . (1) while under the influence of intoxicating liquor or any drug or both . . . ."

in violation of General Statutes (Rev. to 2001) § 14-227a (a) (2) (B).[2] Because the defendant previously had been convicted of the same offense, she could be in violation of § 14-227a (a) (2) (B), as in effect at the time of the alleged violation, if her BAC reading was seven-hundredths of one percent or more. The defendant claims that the disclosure to the jury of her prior conviction so tainted the entire trial as to require that the judgment of conviction be reversed. We disagree and affirm the judgment of the trial court.

The record discloses the following facts. At approximately 5:55 p.m. on March 16, 2001, Clifford Barrows of the Old Saybrook police department stopped the defendant after the vehicle she was driving went through a red traffic signal at a high rate of speed. Barrows smelled alcohol inside the car, heard the defendant slur her speech and saw that she had difficulty with hand-eye coordination. He requested that she exit her car. Once outside the car, she failed three sobriety tests. The defendant's actions also were captured by the videocamera that was mounted inside Barrows' cruiser

[2] General Statutes (Rev. to 2001) § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle . . . (2) while such person has an elevated blood alcohol content. For the purposes of this section, 'elevated blood alcohol content' means . . . (B) if such person has been convicted of a violation of this subsection, a ratio of alcohol in the blood of such person that is seven-hundredths of one per cent or more of alcohol, by weight."

Section 14-227a (a) (2) has been revised to define "elevated blood alcohol content" as "eight-hundredths of one per cent or more of alcohol, by weight." The statute in effect in March, 2001, set the blood alcohol limit at ten-hundredths of a percent, but provided for a lower threshold blood alcohol level if a person had been convicted of a violation of that subsection in the past. The legislature reasoned that a person who previously had been charged with operating a motor vehicle while under the influence of intoxicating liquor should act with a greater degree of caution and care because he or she previously had been found guilty of the offense.

and witnessed by fellow officers who had been called to the scene. The defendant was placed under arrest and transported to the Old Saybrook police station. The defendant agreed to be tested by Breathalyzer. The first test administered at 6:44 p.m. indicated a BAC of .135 of one percent, and a second test administered approximately thirty-five minutes later indicated a BAC of .131 of one percent. Both tests were above the .07 of one percent legal limit set by § 14-227a (a) (2) (B).

The jury found the defendant guilty of operating a motor vehicle while under the influence of alcohol in violation of § 14-227a (a) (1) and operating a motor vehicle while having an elevated blood alcohol content in violation of § 14-227a (a) (2) (B). Upon being found guilty of counts one and two of the first part of the information, the defendant entered a guilty plea to the part B information, as a repeat offender. The defendant was committed to the custody of the commissioner of correction on the first count for a period of two years, execution suspended after eight months, with two years probation. The second count of the information was merged into the first count of the information. This appealed followed.

The defendant claims that the disclosure to the jury of her prior conviction so tainted the entire trial as to require that the judgment of conviction be reversed. Specifically, the defendant argues that the disclosure to the jury of the prior conviction was a violation of Practice Book §§ 36-14, 37-10 and 37-11, and her right to a fair and impartial trial before an unbiased fact finder. We disagree.

The facts and procedural history relevant to the defendant's claim are as follows. The defendant, in a two part information, was charged in the first part with two counts of operating a motor vehicle while under the influence of alcohol and in part B with having a prior

conviction pursuant to the same statute. On January 25, 2002, the prosecutor filed a substitute information charging the defendant with violating § 14-227a (a) (1) and (a) (2) (B). The charge alleged in count one that the defendant had been under the influence of drugs or alcohol or both. Count two alleged that "the ratio of alcohol in the blood of the defendant exceeded seven-hundredths of one percent of alcohol, *and said defendant has been previously convicted of a violation of Section 14-227a (a)* in violation of Section 14-227a (a) (2) (B) of the Connecticut General Statutes." (Emphasis added.) The defendant objected to the substitute information because it alleged that she had been under the influence of both alcohol and drugs. The court struck the drug allegation from the first count. The corrected substitute information was then read to the jury with the reference to the defendant's prior conviction.

Officer Michael Harton of the North Haven police department testified outside the presence of the jury that he had arrested the defendant in November, 1999, on a charge of operating a motor vehicle while under the influence of alcohol. The state offered into evidence the certified judgment of conviction. The defendant filed a motion in limine to preclude evidence of the prior conviction because her guilty plea was made as a result of ineffective assistance of counsel and without an adequate canvass by the court. The court denied the motion, and the certified judgment of conviction was entered into evidence, but only after the state redacted references in the judgment of conviction that pertained to the nolle prosequi of another charge of making an unsafe start of her vehicle and an order of probation.

During the jury charge, the court instructed the jury not to consider the prior conviction in its deliberations. The court stated that the prior conviction was admitted "for the sole purpose of the attempt to prove the element of the offense within count two of this information

that the defendant was previously convicted of [having violated] § 14-227a and for no other purpose. . . . For you to find the defendant guilty of this charge, the state must prove the following elements beyond a reasonable doubt: Number one, that the defendant was operating a motor vehicle at the time and place alleged; number two, that she was operating the motor vehicle on a public highway of this state; number three, she was operating it . . . while the ratio of alcohol in her blood is seven-hundredths of one percent or more of alcohol by weight; and number four, that the defendant had been convicted in the past of driving under the influence."

Following the guilty verdict on the first two counts, the court ordered the jury to remain in the courthouse and then recessed to determine what action was necessary to resolve part B of the information. Thereafter, the defendant entered a guilty plea to the part B information.

The defendant did not properly preserve her claim that the disclosure of the prior conviction to the jury was a violation of our rules of practice and her right to a fair and impartial trial before an unbiased fact finder. The defendant seeks review under *State* v. *Golding*, 213 Conn. 233, 239-40, 567 A.2d 823 (1989), and the plain error doctrine. See Practice Book § 60-5. The defendant, however, has failed to address any of the prongs of *Golding* adequately. Therefore, we decline to review her unpreserved claim under *Golding*.[3] We

---

[3] Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239-40. "It is well established that generally this

will review the defendant's claim to determine if the court committed plain error.

"Practice Book § 60-5 provides in relevant part: The court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The court may in the interests of justice notice plain error not brought to the attention of the trial court. . . . As we recently have reiterated, however, [p]lain error review is reserved for truly extraordinary situations [in which] the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . [Thus, a] defendant cannot prevail under [the plain error doctrine] . . . unless he demonstrates that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice." (Internal quotation marks omitted.) *State* v. *Reynolds*, 264 Conn. 1, 146 n.128, 836 A.2d 224 (2003).

We must first address the state's argument that the defendant waived her claim by explicitly agreeing that the evidence of the prior conviction was admissible once the court resolved certain collateral issues pertaining to the judgment of conviction.

"[The] Plain Error Rule may only be invoked in instances of forfeited-but-reversible error . . . and cannot be used for the purpose of revoking an otherwise valid waiver. This is so because if there has been a valid waiver, there is no error for us to correct. . . . The distinction between a forfeiture of a right (to which the Plain Error Rule may be applied) and a waiver of that right (to which the Plain Error Rule cannot be applied)

court will not review claims that were not properly preserved in the trial court. . . . The defendant's failure to address the four prongs of *Golding* amounts to an inadequate briefing of the issue and results in the unpreserved claim being deemed abandoned." (Citation omitted; internal quotation marks omitted.) *State* v. *Harvey*, 77 Conn. App. 225, 230, 822 A.2d 360, cert. denied, 265 Conn. 906, 831 A.2d 252 (2003).

is that [w]hereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." (Internal quotation marks omitted.) *State* v. *Corona,* 69 Conn. App. 267, 274–75, 794 A.2d 565, cert. denied, 260 Conn. 935, 802 A.2d 88 (2002). In this case, the defendant did not waive her right by explicitly agreeing that the evidence of the prior conviction was admissible. The defendant merely agreed with the court's order that the state must redact all references in the prior judgment of conviction that pertained to the nolle prosequi of the charge of making an unsafe start of her vehicle and an order of probation, but continued to maintain that she had "other problems with the prior conviction . . . ." Such statements are not an intentional relinquishment or abandonment of a known right. Accordingly, the defendant did not waive her right, and we may conduct review under the plain error doctrine.

We next address whether the disclosure to the jury of the defendant's prior conviction so tainted the entire trial as to require that the judgment of conviction be reversed.

Our review of the record reveals that any harm caused by the disclosure did not, in any way, undermine the validity of the guilty verdict. The jury found that the evidence presented sufficiently satisfied the state's burden of proving guilt beyond a reasonable doubt. Our careful review of the evidence supports that conclusion. The defendant failed three sobriety tests, images of which were captured on videotape, and two separate Breathalyzer tests indicated that her blood alcohol level was almost twice the legal limit. We also cannot conclude, as a finding of plain error requires, that the court's comments and the state's offering into evidence the certified copy of the prior conviction implicated the public confidence in our judiciary. It would indeed be difficult to avoid mentioning the defendant's prior con-

viction because of the unique language of § 14-227a (a) (2) (B), which sets forth a lower BAC threshold when a defendant previously has been convicted of operating a motor vehicle while under the influence of intoxicating liquor. The court also gave a curative instruction to the jury not to consider the prior conviction in its deliberations. We find nothing in the record that leads us to conclude that the verdict reached by the jury was unreliable or that it constituted a manifest injustice to the defendant. Accordingly, the defendant's argument under the plain error doctrine is unavailing.

The judgment is affirmed.

In this opinion the other judges concurred.