## STATE OF CONNECTICUT *v.* BRISTOUT BOURGUIGNON
## (AC 22430)

Foti, Bishop and West, Js.

Argued December 9, 2003—officially released May 11, 2004

*Bristout Bourguignon*, pro se, the appellant (defendant).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Gerard P. Eisenman*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. In this appeal from his conviction of burglary in the first degree in violation of General Statutes § 53a-101 (a) (1), two counts of risk of injury to a child in violation of General Statutes § 53-21 and criminal mischief in the first degree in violation of General Statutes § 53a-115 (a) (1), the defendant, Bristout Bourguignon, raises claims of (1) ineffective assistance of counsel, (2) prosecutorial misconduct and (3) improper jury instructions. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. The defendant was employed by an electrical contractor. On July 1, 2000, the defendant broke into his employer's home and destroyed many of the items contained therein. The employer's minor children were home at the time of the incident and hid in the basement after hearing the sound of breaking glass. The police arrived shortly thereafter and confronted the defendant exiting the house while he was armed with a rifle. The defendant appeals from his conviction.

I

The defendant first claims that his court-appointed counsel rendered ineffective assistance because he was

biased, racist, prejudiced and corrupt. We decline to review the claim.

"Our Supreme Court has consistently concluded that the preferred vehicle for an ineffective assistance of counsel claim is either a petition for writ of habeas corpus or a petition for a new trial, not a direct appeal. . . . Absent the evidentiary hearing available in the collateral action, review in this court of the ineffective assistance claim is at best difficult and sometimes impossible. The evidentiary hearing provides the trial court with the evidence that is often necessary to evaluate the competency of the defense and the harmfulness of any incompetency." (Citation omitted; internal quotation marks omitted.) *State* v. *Charles*, 56 Conn. App. 722, 729–30, 745 A.2d 842, cert. denied, 252 Conn. 954, 749 A.2d 1203 (2000). Accordingly, we decline to review the claim.

II

The defendant next claims that three instances of prosecutorial misconduct deprived him of a fair trial. Specifically, he claims that the prosecutor (1) failed to disclose favorable evidence to the defense,[1] (2) failed to provide the defendant with a copy of a videotape that was admitted into evidence and (3) failed to provide him with copies of photographs that were admitted into evidence. We decline to review that claim as well.

The defendant did not object on those grounds at trial, nor did he adequately brief his claim under *State*

[1] The defendant contends that the state had evidence, specifically, a police report, showing that he was coerced by his employer to "assassinate" his employer's wife. That incident allegedly occurred prior to the defendant's visit to his employer's home on July 1, 2000. We note that the defendant has appealed pro se and that we understand him to argue, on the basis of a careful examination of his briefs, that he, his trial counsel, the prosecutor and the court all knew of that alleged incident at trial. He argues that the prosecutor failed to disclose the police report to him because the prosecutor, like everyone else, including the court, considered the alleged event to be irrelevant.

v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), or the plain error doctrine; Practice Book § 60-5; on appeal. He made only one passing reference to *Golding* and plain error review in his reply brief and only with respect to the claim of prosecutorial misconduct. "It is well established that generally this court will not review claims that were not properly preserved in the trial court. . . . The defendant's failure to address the four prongs of *Golding* amounts to an inadequate briefing of the issue and results in the unpreserved claim being abandoned. . . . [B]ecause the defendant has neglected to analyze the claim of plain error, he has failed to demonstrate a manifest injustice. . . . In his brief, the defendant makes only passing references to *Golding* and has provided us with no analysis of its four prongs. We will not engage in *Golding* or plain error review on the basis of such an inadequate brief." (Citation omitted; internal quotation marks omitted.) *State* v. *Ankerman*, 81 Conn. App. 503, 508, 840 A.2d 1182 (2004).

Moreover, even if a claim of plain error had been briefed adequately, this case is not one of those "truly extraordinary situations [in which] the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." (Internal quotation marks omitted.) *State* v. *Nichols*, 81 Conn. App. 478, 484, 840 A.2d 54 (2004). On the basis of the defendant's argument, it appears that he had knowledge of the alleged police report and its contents at the time of his trial.[2] In addition, the state filed a disclosure on July 18, 2001, making the videotape available for review and copying. Defense counsel also

---

[2] "Evidence known to the defendant or his counsel . . . is not considered suppressed as that term is used in [*Brady* v. *Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)]." (Internal quotation marks omitted.) *State* v. *Reddick*, 197 Conn. 115, 121, 496 A.2d 466 (1985), cert. denied, 474 U.S. 1067, 106 S. Ct. 822, 88 L. Ed. 2d 795 (1986).

was provided with copies of the photographs on that same date.

## III

Finally, we also decline to review the defendant's claim of improper jury instructions because he made no objection to them at trial, did not file requests to charge and does not seek *Golding* or plain error review on appeal.

The judgment is affirmed.