## STATE OF CONNECTICUT v. CHRISTOPHER TIERINNI (AC 34555)

DiPentima, C. J., and Beach and Robinson, Js.

Argued March 11—officially released July 16, 2013

*Mark Diamond*, assigned counsel, for the appellant (defendant).

*Matthew A. Weiner*, deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Robin D. Krawczyk*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, C. J. The defendant, Christopher Tierinni, appeals from the judgment of the trial court revoking his probation. The defendant claims that (1) his plea and waiver of his right to a hearing are unenforceable because they were made involuntarily, unknowingly and unintelligently, (2) the condition of his probation that prohibited him from having any contact with minors was unconstitutionally restrictive, vague and overbroad, and (3) the prosecutor improperly "made [her]self a witness" at the dispositional hearing. We do

not agree that the defendant's plea was unenforceable and that the prosecutor's comments were improper. Further, we conclude that the defendant's second claim is not reviewable on appeal. We therefore affirm the court's judgment.

The following facts and procedural history are supported by the record. The defendant was found guilty of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1) in 1999 and sentenced to twelve years imprisonment, suspended after twenty-seven months, and ten years probation. One of the conditions of his probation was: "You will not be in the presence of minors, nor have contact in any form, direct or indirect, including, but not limited to, with children under the age of sixteen without Probation Officer approval." After his release from prison, the defendant was arrested for and admitted to violations of probation on three separate occasions. The defendant was arrested a fourth time in June, 2011, for violation of probation after his probation officer reported that the defendant had been seen with a minor.

At the July 28, 2011 probation revocation hearing following his fourth arrest, the defendant admitted to having violated his probation. Following his admission, the court canvassed the defendant. The following colloquy took place:

"The Court: Mr. Tierinni, are you under the influence of anything right now?

"The Defendant: No, Your Honor.

"The Court: Have you had enough time to discuss all of this with your lawyer?

"The Defendant: Yes, Your Honor.

"The Court: Has he explained to you the nature and elements of the charge?

"The Defendant: Yes.

"The Court: Are you admitting your violation voluntarily and of your own free will?

"The Defendant: Yes, Your Honor.

"The Court: Is anyone forcing you to enter this plea or threatening you in any way?

"The Defendant: No, Your Honor. . . .

"The Court: Do you understand, Mr. Tierinni, that by admitting your probation violation you're giving up the right to have a hearing before a judge. You're giving up the right at that hearing to confront witnesses and cross-examine the witnesses against you, to have the effective assistance of counsel, and you're giving up the protection of the right not to be compelled to incriminate yourself. Do you understand that?

"The Defendant: Yes, Your Honor. . . .

"The Court: Once I accept your plea today you can't change your mind about this. This is final. Understood?

"The Defendant: Yes, Your Honor."

The court then accepted the defendant's plea. In August, 2011, the court held a dispositional hearing, and, after hearing from counsel and members of the defendant's family, sentenced the defendant to sixty-six months incarceration, suspended after twenty months, and five years probation. This appeal followed.

I

The defendant first claims that his plea and the waiver of his right to a hearing are unenforceable because they were made involuntarily, unknowingly and unintelligently. Specifically, the defendant argues that his counsel was not asked whether he had informed the defendant of his right to a hearing and that the court

did not advise the defendant according to Practice Book § 37-3.[1] The defendant seeks review pursuant to *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). While we agree that this claim is reviewable under *Golding*, we conclude that it fails the test set forth in that decision because the defendant has failed to prove that a violation of a constitutional right clearly existed.

"[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) Id., 239–40. Here, the record is adequate to review the defendant's claim that his plea was not knowingly, voluntarily and intelligently given, and the claim of an inadequate plea is of constitutional magnitude. See *State* v. *Williams*, 60 Conn. App. 575, 581, 760 A.2d 948, cert. denied, 255 Conn. 922, 763 A.2d 1043 (2000).

Thus, we turn to the third prong of analysis under *Golding*. The defendant's arguments that his counsel

---

[1] Practice Book § 37-3 states in relevant part: "The judicial authority shall personally, at the opening of the court session, in open court, advise the defendant, or the defendants, unless previously so advised by a clerk . . . either individually or collectively of the following:

"(1) That the defendant is not obligated to say anything and that anything the defendant says may be used against him or her;

"(2) That the defendant is entitled to the services of an attorney;

"(3) If the defendant is unable to pay for one, what the procedures are through which the services of an attorney will be provided for him or her; and

"(4) That the defendant will not be questioned unless he or she consents, that the defendant may consult with an attorney before being questioned and that the defendant may have an attorney present during any questioning."

was not asked whether he had informed his client of his right to a hearing and that the defendant never was informed of the rights he waived are without merit. The court pointedly asked the defendant at the adjudicative hearing in July, 2011, whether his counsel had explained to the defendant the "nature and elements" of the charge, and the defendant answered in the affirmative. Further, the defendant answered that he had had sufficient time to consult with counsel, that counsel had explained the nature and elements of the charge and that he was satisfied with his lawyer's advice. The court explicitly informed the defendant of the fact that his admission constituted a waiver of his rights to a hearing, to confront and to cross-examine witnesses, to have the effective assistance of counsel and not to be compelled to incriminate himself. The defendant acknowledged that he understood that he was waiving all of those rights.

"[A] defendant who desires to admit a probation violation must first be informed, on the record, of his right to have a hearing . . . . [H]e is entitled to a hearing to determine his culpability for the alleged violation. If the defendant advises the court that he does not want a hearing and admits the violation of probation on the record, the due process requirements are met." (Internal quotation marks omitted.) *State* v. *Johnston*, 17 Conn. App. 226, 234, 551 A.2d 1264 (1988), cert. denied, 210 Conn. 810, 556 A.2d 609 (1989). A review of the record reveals that the defendant here was represented by counsel throughout the proceedings and that the court informed the defendant of his rights to a hearing before a judge, to confront and cross-examine witnesses, to have effective assistance of counsel and to not be compelled to incriminate himself. We conclude that the defendant has not proven that a constitutional

violation existed and, therefore, that his claim under *Golding* fails.[2]

## II

The defendant next claims that the condition of his probation that prohibited him from having any contact with minors was unconstitutionally restrictive, vague and overbroad and that his failure to raise this claim at the time of his sentence was due to ineffective assistance of trial counsel. Neither of these claims is reviewable, and we therefore decline to analyze them on their merits.

The defendant's claim that the condition of his probation that he not be in the presence of minors without the permission of his probation officer is vague and overbroad is not adequately briefed for review by this court. The defendant did not object to the condition at either the adjudicative or dispositional portions of his probation revocation hearing, and he asks now for review pursuant to *Golding*. "It is well established that generally this court will not review claims that were not properly preserved in the trial court. . . . [A] defendant's failure to address the four prongs of *Golding* amounts to an inadequate briefing of the issue and results in the unpreserved claim being abandoned. . . . We will not engage in *Golding* . . . review on the basis of . . . an inadequate brief." (Internal quotation marks omitted.) *State* v. *Bourguignon,*

---

[2] The defendant also seeks plain error review of this claim. "The plain error doctrine is reserved for truly extraordinary situations [in which] the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . A party cannot prevail under [the] plain error [doctrine] unless [he] has demonstrated that the failure to grant relief will result in manifest injustice." (Internal quotation marks omitted.) *State* v. *Britton,* 283 Conn. 598, 617, 929 A.2d 312 (2007). As stated in this opinion, the defendant fails to show that the court did not apprise him of his rights, and he does not offer any other reason why the claim merits the extraordinary remedy of plain error review. We therefore decline his invitation to afford it consideration.

82 Conn. App. 798, 801, 847 A.2d 1031 (2004). The defendant does not provide either facts or law to support his request for *Golding* review, and the one case he does cite is clearly distinguishable from this case.[3] The defendant's request for *Golding* review is not saved by his argument that the condition of his probation is "unenforceable . . . ." The claim is clearly without merit, as his June, 2011 arrest was a direct result of the enforcement of this condition.

The defendant also claims that his failure to object to the condition, and the subsequent lack of preservation of the issue for review, resulted from the ineffective assistance of counsel. "Our Supreme Court has consistently concluded that the preferred vehicle for an ineffective assistance of counsel claim is either a petition for writ of habeas corpus or a petition for a new trial, not a direct appeal. . . . Absent the evidentiary hearing available in the collateral action, review in this court of the ineffective assistance claim is at best difficult and sometimes impossible. The evidentiary hearing provides the trial court with the evidence that is often necessary to evaluate the competency of the defense and the harmfulness of any incompetency." (Internal quotation marks omitted.) *State* v. *Bourguignon*, supra, 82 Conn. App. 800; see also *State* v. *Charles*, 56 Conn. App. 722, 729–30, 745 A.2d 842, cert. denied, 252 Conn.

---

[3] The defendant cites *State* v. *Ortiz*, 83 Conn. App. 142, 848 A.2d 1246, cert. denied, 270 Conn. 915, 853 A.2d 530 (2004), for the proposition that a condition of probation that denied a convicted defendant access to a group of people is unconstitutionally vague. While a probation condition that prevented a defendant from contact with his children because of a charge unrelated to those children was found to be constitutionally invalid, the court in *Ortiz* made its conclusion on the ground that "the claim . . . alleges a violation of a fundamental right, namely, the right to family integrity, which includes the most essential and basic aspect of familial privacy—the right of the family to remain together without the coercive interference of the awesome power of the state." (Internal quotation marks omitted.) Id., 162–63. There is no such fundamental right alleged here.

954, 749 A.2d 1203 (2000). We therefore decline to review the defendant's claim.

## III

Finally, the defendant claims that the prosecutor improperly "made [her]self a witness" at the dispositional hearing. We disagree.

"It is a fundamental sentencing principle that a sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider or the source from which it may come. . . . In keeping with this principle, we have recognized that [a] sentencing judge has very broad discretion in imposing any sentence within the statutory limits and in exercising that discretion he may and should consider matters that would not be admissible at trial. . . . Generally, due process does not require that information considered by the trial judge prior to sentencing meet the same high procedural standard as evidence introduced at trial. Rather, judges may consider a wide variety of information." (Citation omitted; internal quotation marks omitted.) *State* v. *Altajir*, 303 Conn. 304, 316–17, 33 A.3d 193 (2012). Thus, we look not to the traditional test for prosecutorial impropriety pursuant to *State* v. *Williams*, 204 Conn. 523, 539, 529 A.2d 653 (1987), which requires a court to consider "whether the prosecutor's conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process." (Internal quotation marks omitted.) Instead, we conduct "a two-pronged inquiry: first, did the information at issue contain some minimal indicium of reliability; second, if it did not, did the trial court substantially rely on this improper information in fashioning its ultimate sentence?" *State* v. *Altajir*, supra, 317.

The prosecutor made statements during the dispositional hearing in the context of her argument that the

defendant should serve the five and one-half years remaining on his original sentence. The prosecutor noted her opinion of the defendant and that her disbelief that he would not violate his probation again stemmed from her "long experience" with him. Additionally, the prosecutor stated that she had been "prosecuting [the defendant] for a long time, and [the defendant] has manipulated the system over and over . . . ." The defendant has not shown that the information provided by the prosecutor lacked at least a "minimal indicium of reliability . . . ." *State* v. *Altajir*, supra, 303 Conn. 317. Further, the defendant has not shown that the court substantially relied on the prosecutor's statements. In fact, the court imposed a sentence less severe than that for which the state had argued. It is within the court's purview to hear and analyze evidence from a variety of sources at sentencing, and we therefore conclude that the prosecutor's statements were not improper in the context of a dispositional hearing.

The judgment is affirmed.

In this opinion the other judges concurred.