******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## STATE OF CONNECTICUT *v.* MATTHEW T. ABRAMOVICH
### (AC 45351)

Elgo, Cradle and Prescott, Js.

*Syllabus*

Convicted, on pleas of guilty, of criminal trespass in the first degree, assault in the third degree, and violation of a protective order, the defendant appealed. He asked this court to allow him to withdraw his pleas, claiming, inter alia, that his trial counsel rendered ineffective assistance by failing to investigate his competence and to request a competency evaluation. *Held*:

This court declined to review the defendant's unpreserved claims, as he failed to move to withdraw his pleas in accordance with the applicable rules of practice (§§ 39-26 and 39-27) and he failed to adequately brief the claims in accordance with the mandates for the review of unpreserved constitutional claims pursuant to *State* v. *Golding* (213 Conn. 233).

Argued September 9—officially released November 19, 2024

*Procedural History*

Information, in the first case, charging the defendant with criminal trespass in the first degree, interfering with an officer, breach of the peace in the second degree, and assault in the third degree, and information in the second case charging the defendant with criminal trespass in the first degree and violation of a protective order, brought to the Superior Court in the judicial district of Waterbury, geographical area number four, where the defendant was presented to the court, *Iannotti, J.*, on pleas of guilty to one count each of criminal trespass in the first degree, assault in the third degree, and violation of a protective order; judgments of guilty in accordance with the pleas; thereafter, the state entered a nolle prosequi as to the remaining charges, and the defendant appealed to this court. *Affirmed.*

*Matthew T. Abramovich*, self-represented, the appellant (defendant).

*Timothy F. Costello*, supervisory assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Elena Palermo* and *Marc Ramia*, senior assistant state's attorneys, for the appellee (state).

*Opinion*

CRADLE, J. The self-represented defendant, Matthew T. Abramovich, appeals from the judgments of conviction rendered by the trial court, following the defendant's guilty pleas, of assault in the third degree in violation of General Statutes § 53a-61, violation of a protective order in violation of General Statutes § 53a-223, and criminal trespass in the first degree in violation of General Statutes § 53a-107.[1] On appeal, the defendant asks this court to allow him to withdraw his guilty pleas on the grounds that (1) he was not competent to plead guilty; (2) his trial counsel rendered ineffective assistance by failing to investigate his competence and to request a competency evaluation pursuant to General Statutes § 54-56d; (3) he was under duress at the time of his pleas; (4) the court breached the plea agreement; (5) the court failed to substantially comply with Practice Book § 39-19 when it accepted the pleas; (6) the court lacked a factual basis for the pleas; and (7) the court relied on materially false information at sentencing. We affirm the judgments of the trial court.

The following procedural history is relevant to the defendant's claims on appeal. The defendant pleaded guilty in March, 2021, to charges of assault in the third degree, violation of a protective order, and criminal trespass in the first degree in connection with two 2020 domestic violence incidents involving the same com-

[1] The defendant pleaded guilty to assault in the third degree under the *Alford* doctrine. See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

plainant and occurring at the same apartment in Water-
bury. Pursuant to the plea agreement, the court, *Ian-
notti, J.*, made a jail re-interview referral and the
defendant agreed to participate in inpatient treatment
and any recommended outpatient treatment for a period
of six months.[2] The court explained that, if the defen-
dant completed the treatment program successfully, he
would receive a fully suspended sentence of two years
of incarceration followed by two years of probation.
If the defendant failed to successfully complete the
treatment program, he would face a maximum sentence
of eighteen months of incarceration with the right to
argue for a lesser period of incarceration.[3] Specifically,
the court advised the defendant that, if he did not com-
plete the program successfully, he would be subject to
a sentence "between a totally suspended sentence and
eighteen months in jail." At the time of the pleas, the
defendant responded affirmatively to the court's ques-
tions regarding whether he had discussed the plea
agreement with his attorney, whether his attorney had
explained the maximum penalties of the charges to
which he was pleading, whether he understood the plea
agreement and whether the pleas were entered know-
ingly and voluntarily. He also answered negatively to
the court's questions of whether he was under the influ-
ence of any alcohol, drugs or medication and whether
he was being forced or threatened to plead guilty. In
accordance with the plea agreement, the defendant was
released on a promise to appear, and the case was
continued pending the defendant's completion of a resi-

---

[2] The record reflects that the defendant was referred to a treatment pro-
gram for mental health issues and alcohol abuse.

[3] Although neither the parties nor the court referred to the agreement as
such, the plea agreement in this case was a *Garvin* agreement, which "is
a conditional plea agreement that has two possible binding outcomes, one
that results from the defendant's compliance with the conditions of the plea
agreement and one that is triggered by his violation of a condition of the
agreement." (Internal quotation marks omitted.) *State* v. *Stevens*, 278 Conn.
1, 7, 895 A.2d 771 (2006).

dential treatment program at Connecticut Valley Hospital followed by outpatient treatment as recommended. At that time, the court also ordered a presentence investigation.

On August 27, 2021, the court, *Iannotti, J.*, received a report that the defendant had failed to comply with treatment program requirements. Accordingly, on November 4, 2021, the court sentenced the defendant to five years of incarceration, execution suspended after one year, followed by three years of probation. Neither the defendant nor his counsel objected to the sentence at that time, nor did the defendant file a motion to withdraw his guilty pleas. This appeal followed.

On appeal, the defendant asks this court to allow him to withdraw his guilty pleas. The defendant did not preserve his claims for review on appeal. Under our rules of procedure, to preserve his claims after the acceptance of his pleas, the defendant would have had to move to withdraw the pleas pursuant to Practice Book §§ 39-26 and 39-27. *State* v. *Williams*, 60 Conn. App. 575, 577–78, 760 A.2d 948, cert. denied, 255 Conn. 922, 763 A.2d 1043 (2000).[4]

---

[4] Practice Book § 39-26 provides: "A defendant may withdraw his or her plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his or her plea upon proof of one of the grounds in Section 39-27. A defendant may not withdraw his or her plea after the conclusion of the proceeding at which the sentence was imposed."

Practice Book § 39-27 provides: "The grounds for allowing the defendant to withdraw his or her plea of guilty after acceptance are as follows:

"(1) The plea was accepted without substantial compliance with Section 39-19;

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

"(3) The sentence exceeds that specified in a plea agreement which had been previously accepted, or in a plea agreement on which the judicial authority had deferred its decision to accept or reject the agreement at the time the plea of guilty was entered;

"(4) The plea resulted from the denial of effective assistance of counsel;

"(5) There was no factual basis for the plea; or

The defendant's failure to file a motion to withdraw his pleas is not, however, fatal to his claims on appeal in that we may review unpreserved constitutional claims. See *State* v. *Reid*, 277 Conn. 764, 777 n.15, 894 A.2d 963 (2006) (failure to file motion to withdraw plea with trial court "need not be fatal to review when constitutional claims are at issue and the record is adequate for review"); *State* v. *Williams*, supra, 60 Conn. App. 578–79 (despite defendant's failure to preserve claim by filing timely motion to withdraw plea, claim nevertheless is reviewable because it asserts violation of fundamental constitutional right; defendant failed, however, to demonstrate constitutional violation occurred); see also *State* v. *Childree*, 189 Conn. 114, 119, 454 A.2d 1274 (1983) (court considered claim that guilty plea was not knowingly and voluntarily made even though it was raised for first time on appeal because it involved violation of fundamental constitutional right).

We consider unpreserved claims of constitutional magnitude according to the requirements of *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015).[5] It is well settled that a party seeking

"(6) The plea either was not entered by a person authorized to act for a corporate defendant or was not subsequently ratified by a corporate defendant."

[5] "Under *Golding*, a [party] can prevail on a claim of constitutional error not preserved at trial only if the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the [party] of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the [party's] claim will fail. The appellate tribunal is free, therefore, to respond to the [party's] claim by focusing on whichever condition is most relevant in the particular circumstances." (Internal quotation marks omitted.) *In re Riley B.*, 203 Conn. App. 627, 636, 248 A.3d 756, cert. denied, 336 Conn. 943, 250 A.3d 40 (2021).

such extraordinary review need not specifically request it, but must nevertheless "present a record that is [adequate] for review and affirmatively [demonstrate] that his claim is indeed a violation of a fundamental constitutional right." (Internal quotation marks omitted.) *State* v. *Elson*, 311 Conn. 726, 755, 91 A.3d 862 (2014).

Here, the defendant has not requested *Golding* review, in name or in substance. Other than vaguely setting forth various constitutional principles, the defendant has failed to demonstrate, by analysis of the application of those principles to his claims or any coherent discussion of relevant authority, that his claims are of constitutional magnitude. Cf. id., 756. He likewise has failed to adequately brief, by way of a discussion of relevant authority and the application of that authority to his claims, that an alleged constitutional violation exists and that the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. Although we are concerned that, on the basis of the record before us, the defendant may not have understood that the unsuccessful completion of his treatment program might subject him to a split sentence[6] beyond the eighteen months of incarceration that was expressly contemplated by the plea agreement,[7] he has failed to adequately brief this claim, in addition to his other claims, in accordance with the mandates for the review of unpreserved constitutional claims as set forth herein. We therefore decline to review the defendant's claims.[8] See *State* v. *Tierinni*,

_____

[6] A split sentence is a term of imprisonment with the execution of such sentence of imprisonment suspended, either entirely or partially, followed by a period of probation or conditional discharge.

[7] Practice Book § 39-7 provides in relevant part: "If a plea agreement has been reached by the parties, which contemplates the entry of a plea of guilty or nolo contendere, the judicial authority shall require the disclosure of the agreement in open court or, on a showing of good cause, in camera at the time the plea is offered. . . ."

[8] At oral argument before this court, the defendant represented that he has filed with the trial court a motion to correct an illegal sentence pursuant to Practice Book § 43-22, asking the trial court to address this claim.

144 Conn. App. 232, 238, 71 A.3d 675 ("[A party's] failure to address the four prongs of *Golding* amounts to an inadequate briefing of the issue and results in the unpreserved claim being abandoned. . . . We will not engage in *Golding* . . . review on the basis of . . . an inadequate brief." (Internal quotation marks omitted.)), cert. denied, 310 Conn. 911, 76 A.3d 627 (2013); see also *Guiliano* v. *Jefferson Radiology, P.C.*, 206 Conn. App. 603, 624, 261 A.3d 140 (2021).

The judgments are affirmed.

In this opinion the other judges concurred.