******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* ANTHONY DYOUS
(SC 19410)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and Robinson, Js.

Argued December 10, 2015—officially released January 12, 2016

*Robert E. Byron*, assigned counsel, for the appellant (defendant).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *Patricia M. Froehlich*, state's attorney, and *Roger Caridad*, senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Anthony Dyous, appealed to the Appellate Court from the judgment of the trial court granting the state's second petition for an order of continued commitment filed pursuant to General Statutes § 17a-593 (c). In his appeal to the Appellate Court, the defendant claimed that: "(1) the order of continued commitment to the Psychiatric Security Review Board (board) violate[d] his right to equal protection as against mentally disordered prison inmates, and (2) his April 8, 2011 criminal conviction constitute[d] a finding by the trial court that he is sane and, therefore, 'the state no longer has a rationale for his commitment.' " (Footnote omitted.) *State* v. *Dyous*, 153 Conn. App. 266, 267–68, 100 A.3d 1004 (2014). The Appellate Court affirmed the judgment of the trial court. Id., 268. We then, after modification, granted the defendant's petition for certification to appeal limited to the following issues: (1) "Did the Appellate Court properly determine that the [defendant's] claim that his continued commitment violated his right to equal protection failed the first prong of *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), because there was an inadequate record for appellate review?"; and (2) "If the answer to the first question is no, did the Appellate Court properly determine that the trial court correctly found that the [defendant] failed to present any evidence in support of his equal protection claim?" (Internal quotation marks omitted.) *State* v. *Dyous*, 315 Conn. 909, 105 A.3d 901 (2014)*;* see also *State* v. *Dyous*, 314 Conn. 945, 102 A.3d 1116 (2014).

After examining the entire record on appeal, including the detailed and well reasoned opinion of the Appellate Court, and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.