******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* TERRY P. HERRING
(SC 19383)

Rogers, C. J., and Palmer, Zarella, Eveleigh and McDonald, Js.

*Argued December 7, 2015—officially released October 25, 2016*

*Mary A. Beattie*, assigned counsel, for the appellant (defendant).

*Laurie N. Feldman*, special deputy assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Christian Watson*, assistant state's attorney, for the appellee (state).

*Timothy H. Everett*, *Todd D. Fernow* and *Elisa L. Villa*, and *Thadius Bochain*, *Robert Fontaine* and *Benjamin Haldeman*, certified legal interns, filed a brief for the Connecticut Criminal Defense Lawyers Association as amicus curiae.

*Opinion*

ZARELLA, J. The defendant, Terry P. Herring, appeals from the judgment of the Appellate Court affirming his conviction, rendered after a jury trial, of conspiracy to distribute one kilogram or more of a cannabis-type substance in violation of General Statutes §§ 21a-278 (b) and 53a-48, and possession of one kilogram or more of a cannabis-type substance with intent to sell as an accessory in violation of § 21a-278 (b) and General Statutes § 53a-8. *State* v. *Herring*, 151 Conn. App. 154, 155, 173, 94 A.3d 688 (2014). The Appellate Court concluded, inter alia, that, under the waiver rule announced in *State* v. *Kitchens*, 299 Conn. 447, 482–83, 10 A.3d 942 (2011), the defendant failed to preserve his claim that the trial court had incorrectly instructed the jury on the state of mind required to find him guilty of both offenses.[1] See *State* v. *Herring*, supra, 170–71. On appeal to this court, the defendant does not challenge the Appellate Court's conclusion that he waived his jury instruction claim under *Kitchens*. Instead, he requests that the waiver rule in *Kitchens* be overturned and that his claim be reviewed under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[2] He contends that, if this court reviews his claim under *Golding*, he would prevail because the trial court's instruction resulted in harmful error. In the alternative, the defendant seeks review under the plain error doctrine. Our resolution of the defendant's request to overturn the waiver rule is controlled by our decision in *State* v. *Bellamy*, 323 Conn. 400, 403,     A.3d    (2016), in which we considered the rule's continued viability and concluded that it should not be overturned. Accordingly, we reject the defendant's request to overturn the waiver rule in *Kitchens* and to review his jury instruction claim under *Golding*. We also decline to review his claim under the plain error doctrine because such review is beyond the scope of the certified question.[3]

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

[1] The defendant claimed on appeal to the Appellate Court, and continues to claim in his brief to this court, that the trial court's jury instructions "lowered the state's burden of proof on both counts and misled the jury" because they included "objective 'reasonable person' language in [their] definition of knowingly, which, by statute, is defined as 'awareness,' a purely subjective determination."

[2] We note that the parties in *State* v. *Bellamy*, 323 Conn. 400,     A.3d (2016), asked this court to adopt the arguments made by the parties and their amicus in the present appeal. See id., 476 n.11.

[3] We granted the defendant's petition for certification to appeal, limited to the following questions: "Should this court overrule [*Kitchens*], thereby permitting review of the defendant's unpreserved claim of instructional impropriety? If so, is the defendant entitled to prevail on that claim under [*Golding*]?" *State* v. *Herring*, 314 Conn. 914, 100 A.3d 849 (2014).

We also note that the issue of whether waiver under *Kitchens* precludes plain error review is presently before this court in another pending appeal. See *State* v. *McClain*, 319 Conn. 902, 122 A.3d 637 (2015) (granting certification to review issue of whether "the Appellate Court properly determine[d] that an implied waiver of a claim of instructional error that satisfies [*Kitchens*] . . . also forecloses plain error review" [citation omitted]).