******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* MARIO CHAVEZ
(AC 41424)

DiPentima, C. J., and Lavine and Prescott, Js.

*Syllabus*

Convicted of the crime of manslaughter in the first degree in connection
with the stabbing death of the victim, the defendant appealed to this
court. He claimed that the trial court improperly deprived him of his
constitutional right to a fair trial when it failed to instruct the jury,
sua sponte, about the inherent shortcomings of simultaneous foreign
language interpretation of trial testimony, and when it instructed the
jury that it could consider as consciousness of guilt evidence that he
changed his shirt shortly after the victim was stabbed. *Held*:

1. The defendant's claim, raised for the first time on appeal, that the trial
court improperly failed to instruct the jury, sua sponte, regarding the
inherent shortcomings of translated testimony was unavailing: although
the defendant requested review of his unpreserved claim pursuant to
*State* v. *Golding* (213 Conn. 233), because both counsel provided the
court with proposed jury instructions, attended an in-chambers charging
conference, and had a subsequent opportunity to comment on the court's
proposed instructions on the record before they were given to the jury,
the defendant was presented with a meaningful opportunity to review
and comment on the court's instructions, and because he failed to
raise the claim asserted on appeal, he waived his right to challenge
the constitutionality of the instruction under *Golding*; moreover, the
defendant having conceded that the trial court's failure to instruct the
jury on the inherent shortcomings of simultaneous foreign language
interpretation of trial testimony was an issue of first impression, and
having failed to cite to any authority that stands for the proposition that
a court's failure to provide, sua sponte, such an instruction constitutes
a reversible error, he could not demonstrate that the court's failure to
instruct the jury in that respect was an error so clear and so harmful
that it constituted plain error such that a failure to reverse would result
in manifest injustice.

2. The trial court did not abuse its discretion by providing a consciousness
of guilt jury instruction as to the defendant's act of changing his shirt
after the incident; at trial, the defendant, in testifying on his own behalf,
did not dispute that he returned to his apartment after the incident to
change his shirt, and the evidence presented at trial reasonably could
have permitted a jury to draw the inference that the defendant's act of
changing his shirt was motivated by a desire to avoid detection by law
enforcement because the shirt had blood or dirt on it from the altercation
with the victim.

Argued May 20—officially released July 9, 2019

*Procedural History*

Information charging the defendant with the crimes
of murder and manslaughter in the first degree, brought
to the Superior Court in the judicial district of Fairfield,
and tried to the jury before *E. Richards*, *J.*; verdict and
judgment of guilty of manslaughter in the first degree,
from which the defendant appealed to this court.
*Affirmed*.

*Joshua Michtom*, assistant public defender, for the
appellant (defendant).

*Jennifer F. Miller*, assistant state's attorney, with
whom, on the brief, were *John C. Smriga*, state's attor-
ney, and *Michael A. DeJoseph*, senior assistant state's
attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Mario Chavez, appeals from the judgment of conviction, rendered following a jury trial, of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1). On appeal, the defendant claims that the court improperly (1) deprived him of his constitutional right to a fair trial by failing to instruct the jury, sua sponte, about the "inherent shortcomings" of simultaneous foreign language interpretation of trial testimony, and (2) instructed the jury that it could consider, as consciousness of guilt evidence, that the defendant changed his shirt shortly after the victim was stabbed. We disagree and, accordingly, affirm the judgment of conviction.

On the basis of the evidence adduced at trial, the jury reasonably could have found the following facts. On the morning of May 27, 2012, the defendant drove a number of friends home after a night of drinking in Bridgeport. Upon arriving in the neighborhood of one of the friends, an argument developed and a physical altercation ensued between two of the passengers in the defendant's vehicle. During the fight, a small group of onlookers, who had observed the altercation from a nearby home, approached the combatants in the street. Thereafter, some of the onlookers attempted to break up the fight, while the victim approached the defendant.

The victim confronted the defendant and forcibly removed a chain worn around the defendant's neck. In response, the defendant drew a knife and stabbed the victim once in the chest. Shortly after stabbing the victim, the defendant fled the scene. Surveillance footage taken from the defendant's apartment complex showed the defendant returning to his apartment a short time later. Surveillance footage also showed the defendant leaving the complex not long after wearing a different color shirt.

The following day, the defendant learned of the victim's death and fled the country. The defendant ultimately was apprehended and extradited to the United States where he was charged with murder and manslaughter in the first degree in connection with the victim's death.

The case was tried before a jury in October and November, 2017. The defendant testified in his own defense with the assistance of a Spanish-English interpreter. The defendant asserted that he stabbed the victim accidentally while trying to defend himself.

The defendant was found not guilty of murder but was found guilty of manslaughter in the first degree. The court sentenced the defendant to a total effective sentence of seventeen years of incarceration followed by three years of special parole. This appeal followed. Additional facts and procedural history will be provided as necessary.

The defendant first claims that the court improperly failed to instruct the jury, sua sponte, regarding the "inherent shortcomings" of translated testimony. Specifically, the defendant argues that because his testimony was translated from Spanish to English, it may have appeared less coherent or credible than a witness who testified in English. According to the defendant, the court's failure to provide an instruction on "the limitations of interpreted testimony" denied him of his constitutional right to a fair trial. We disagree.

As a preliminary matter, we note that the defendant raises this claim for the first time on appeal, requesting review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 120 A.3d 1188 (2015).[1] He did not request that the court instruct the jury regarding the inherent limitations or flaws in translated foreign language testimony, nor did he comment on or object to a lengthy instruction given by the court on how the jury should evaluate translated foreign language testimony.

Despite the defendant's request for review pursuant to *Golding*, "when the trial court provides counsel with a copy of the proposed jury instructions, allows a meaningful opportunity for their review, solicits comments from counsel regarding changes or modifications and counsel affirmatively accepts the instructions proposed or given, the defendant may be deemed to have knowledge of any potential flaws therein and to have waived implicitly the constitutional right to challenge the instructions on direct appeal." *State* v. *Kitchens*, 299 Conn. 447, 482–83, 10 A.3d 942 (2011). Our Supreme Court has held further that if a claim of instructional error has been waived under *Kitchens*, the defendant is not entitled to *Golding* review. See *State* v. *Bellamy*, 323 Conn. 400, 410, 147 A.3d 655 (2016).

In the present case, both counsel provided the court with proposed jury instructions, attended an in-chambers charging conference, and had a subsequent opportunity to comment on the court's proposed instructions on the record before they were given to the jury. Because the defendant was presented with a meaningful opportunity to review and comment on the court's instructions,[2] and having done so, failed to raise the claim he now asserts on appeal, the defendant has waived his right to challenge the constitutionality of the instruction under *Golding*.[3] See *State* v. *Kitchens*, supra, 299 Conn. 482–83.

The defendant further argues that, even if his claim is not reviewable under *Golding*, it is reversible under the plain error doctrine. See *State* v. *McClain*, 324 Conn. 802, 812–14, 155 A.3d 209 (2017) (*Kitchens* waiver does not preclude plain error review). "[T]he plain error doctrine is reserved for truly extraordinary situations [in which] the existence of the error is so obvious that it

affects the fairness and integrity of and public confidence in the judicial proceedings. . . . [An appellant] cannot prevail under [the plain error doctrine] . . . unless he demonstrates that the claimed *error* is both *so clear* and *so harmful* that a failure to reverse the judgment would result in manifest injustice. . . . Put another way, plain error review is reserved for only the most egregious errors." (Citations omitted; emphasis altered; footnote omitted; internal quotation marks omitted.) Id.

In the present case, the defendant concedes that a trial court's failure to instruct the jury on the "inherent shortcomings" of simultaneous foreign language interpretation of trial testimony is an issue of first impression, and he can cite to no authority, binding or otherwise, that stands for the proposition that a court's failure to provide, sua sponte, such an instruction constitutes a reversible error. Because the defendant cannot demonstrate that the claimed error is, in fact, *an error*, he is unable to demonstrate that failing to instruct the jury in this respect is an error so clear and so harmful that a failure to reverse would result in manifest injustice. See *State* v. *Fagan*, 280 Conn. 69, 88, 905 A.2d 1101 (2006) (defendant could not prevail under plain error doctrine in part because issue raised was matter of "first impression"), cert. denied, 549 U.S. 1269, 127 S. Ct. 1491, 167 L. Ed. 2d 236 (2007). Accordingly, the defendant's first claim must fail.[4]

Next, the defendant claims that the court abused its discretion by instructing the jury that it could consider, as consciousness of guilt, evidence that the defendant changed his shirt shortly after the victim was stabbed. We disagree. "We review a trial court's decision to give a consciousness of guilt instruction under an abuse of discretion standard." *State* v. *Vasquez*, 133 Conn. App. 785, 800, 36 A.3d 739, cert. denied, 304 Conn. 921, 41 A.3d 661 (2012). "In considering consciousness of guilt instructions, our Supreme Court has observed: Generally speaking, all that is required is that the evidence have relevance . . . the fact that ambiguities or explanations may exist which tend to rebut an inference of guilt . . . does not [by itself] make an instruction . . . erroneous." (Internal quotation marks omitted.) *State* v. *Mann*, 119 Conn. App. 626, 632–33, 988 A.2d 918, cert. denied, 297 Conn. 922, 998 A.2d 168 (2010).

At trial, the defendant, in testifying on his own behalf, did not dispute that he returned to his apartment after the incident to change his shirt and, after having done so, left the apartment soon after to investigate what had happened to the victim. Despite this testimony, the defendant objected to the court's proposed consciousness of guilt instruction, claiming that the act of changing his shirt after the stabbing was "a normal activity" given the circumstances. On the basis of our review of the court's charge and the evidence presented at trial,

which reasonably could have permitted a jury to draw the inference that the defendant's act of changing his shirt was motivated by a desire to avoid detection by law enforcement because the shirt had blood or dirt on it from the altercation with the victim, the court did not abuse its discretion by providing the consciousness of guilt instruction as to the defendant's act of changing his shirt after the incident.

The judgment is affirmed.

[1] Pursuant to *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error . . . (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." (Emphasis in original; footnote omitted.) *State* v. *Golding*, supra, 213 Conn. 239–40; see also *In re Yasiel R.*, supra, 317 Conn. 781.

[2] The defendant does not argue otherwise.

[3] Even on appeal, the defendant has failed to provide a proposed instruction that he claims should have been given to the jury.

[4] In the alternative, the defendant also requests that this court use its supervisory authority to order a new trial in order to cure the inherent harm associated with translated testimony. "Supervisory authority is an extraordinary remedy that should be used sparingly . . . ." (Internal quotation marks omitted.) *State* v. *Edwards*, 314 Conn. 465, 498, 102 A.3d 52 (2014). We decline to exercise our supervisory powers in the present case.