******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# STATE OF CONNECTICUT *v.* CARLOS G.[*]
## (SC 21025)

Mullins, C. J., and McDonald, D'Auria, Ecker,
Alexander, Dannehy and Bright, Js.

*Syllabus*

Convicted of five counts of sexual assault in the first degree, among other crimes, in connection with the sexual abuse of two children, the defendant appealed to this court. Each count of sexual assault in the state's information was premised on multiple, separate instances of a specific sexual act committed by the defendant against one of the victims while that victim was attending a day care located in the defendant's home. Prior to deliberations, the trial court gave the jury a specific unanimity charge for each count of sexual assault, which instructed the jurors that they were required to unanimously agree on the defendant's guilt with respect to at least one of the instances of conduct alleged in each count in order to find the defendant guilty in connection with any particular count. *Held*:

The defendant could not prevail on his unpreserved claim that his right under the federal constitution to a unanimous jury verdict was violated when the trial court, having provided the jury with proper specific unanimity instructions, nevertheless failed to require the jurors to answer special interrogatories on the subject of unanimity with respect to each alleged instance of conduct in the sexual assault counts.

The defendant failed to demonstrate that the United States constitution requires the use of such interrogatories in addition to specific unanimity instructions when the state has charged a defendant in a single count with violating a single statute in multiple, separate instances.

Argued October 30, 2025—officially released January 20, 2026

*Procedural History*

Substitute information in two cases charging the defendant with five counts of sexual assault in the first degree and two counts of risk of injury to a child, brought

---

[*] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to identify the victims or others through whom the victims' identity may be ascertained. See General Statutes § 54-86e.

Moreover, in accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2024); we decline to identify any person protected or sought to be protected under a protection order, protective order, or a restraining order that was issued or applied for, or others through whom that person's identity may be ascertained.

to the Superior Court in the judicial district of New Haven and tried to the jury before *Prescott, J.*; verdicts and judgments of guilty, from which the defendant appealed to this court. *Affirmed.*

*Nicole Britt*, assigned counsel, with whom, on the brief, was *Christopher Y. Duby*, assigned counsel, for the appellant (defendant).

*Danielle Koch*, assistant state's attorney, with whom, on the brief, were *John P. Doyle, Jr.*, state's attorney, *Melissa Holmes*, senior assistant state's attorney, and *Sarah Jones*, assistant state's attorney, for the appellee (state).

*Opinion*

MULLINS, C. J. In two cases, the state charged the defendant, Carlos G., with committing sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2) in five separate counts. Each count was premised on multiple, separate instances of sexual assault against a minor victim. The question before us on appeal is, when the state has charged a defendant in a single count of an information with violating a single statute in multiple, separate instances—a type of duplicitous charge—must a trial court not only give the jury a specific unanimity instruction, but also, sua sponte, submit special interrogatories to the jury regarding each instance in order to protect the defendant's federal constitutional right to a unanimous jury verdict? The answer to that question is no.

We already have determined that, in a case in which a criminal defendant is charged in a single count with violating a statute in multiple instances, that defendant's constitutional right to a unanimous jury verdict is protected by a specific unanimity instruction, explaining to the jurors that they all must unanimously agree on a specific instance in order to find the defendant guilty. See *State* v. *Douglas C.*, 345 Conn. 421, 445–46, 285 A.3d 1067 (2022). Here, the defendant agrees that the

trial court gave the jury a proper specific unanimity instruction with respect to each count of first degree sexual assault. We conclude that, in doing so, the court sufficiently protected the defendant's federal constitutional right to a unanimous verdict.

The following facts, which the jury reasonably could have found, and procedural history are relevant to our resolution of this appeal. The defendant's wife operated a day care at the home they shared in New Haven. The victims, N and Y, both attended the in-home day care from 2007 until 2011 or 2012, when they were between approximately three and eight years old. The defendant was between the ages of fifty-two and fifty-eight years old during this time. Within that time period, the defendant committed multiple incidents of sexual abuse against N and Y.

The first incident occurred when N was approximately three or four years old. During this incident, the defendant sexually assaulted N by digitally penetrating her vagina and engaging in penile-vaginal intercourse in the basement of his home. During another incident, the defendant sexually assaulted N by digitally penetrating her vagina and engaging in penile-vaginal intercourse. This incident also took place in the basement of the defendant's home, when N was approximately four or five years old. During a third incident, the defendant sexually assaulted N by digitally penetrating her vagina and engaging in penile-vaginal intercourse. This incident took place when N was approximately five or six years old and occurred in an apartment on the top floor of the defendant's home. During a fourth incident, the defendant sexually assaulted N by digitally penetrating her vagina and engaging in penile-vaginal intercourse. This incident occurred in the basement of the defendant's home. During another incident, when N was approximately five or six years old, the defendant sexually assaulted her by digitally penetrating her vagina and by engaging in cunnilingus. This incident occurred in the basement of the defendant's home. N testified that the defendant had

engaged in cunnilingus with her on more than one occasion. On another occasion, when N was approximately five or six years old, the defendant engaged in digital penetration and penile-vaginal intercourse with her in a bedroom in his home. N also recalled one incident in which she and the defendant were at a beach, and he touched her vagina over her bathing suit.

Around this same time, the defendant also sexually assaulted Y on at least two occasions while she was attending day care. During the first incident, the defendant sexually assaulted Y by digitally penetrating her vagina in the basement of his home. During the second incident, the defendant sexually assaulted her by forcing her to engage in fellatio at the day care. Y could not recall specifics of any other incident but testified that there were other incidents of sexual assault.

In February, 2019, the police learned that the defendant had sexually assaulted N when she was between the ages of three and seven years old. Around that same time, the police learned that Y also disclosed that the defendant had sexually assaulted her when she was a child. In June, 2020, the defendant was arrested and subsequently charged with multiple counts of sexual assault against N and Y. Each count of sexual assault in the first degree alleged a specific sexual act committed by the defendant.[1]

After the close of evidence, the trial court gave the following instruction to the jury with respect to one of the first degree sexual assault counts: "The state has offered evidence that the defendant has engaged in the conduct

---

[1] Specifically, with respect to N, the state charged the defendant, in four separate counts, with committing the following offenses between 2007 and 2011, when N was under the age of thirteen and the defendant was more than two years older than her: (1) sexual assault in the first degree in violation of § 53a-70 (a) (2) for allegedly digitally penetrating N, (2) sexual assault in the first degree in violation of § 53a-70 (a) (2) for allegedly engaging in penile-vaginal intercourse with N, (3) sexual assault in the first degree in violation of § 53a-70 (a) (2) for allegedly engaging in cunnilingus with N, and (4) risk of injury to a child in violation of General Statutes § 53-21 (a) (2) for allegedly having contact

charged in [the count] on more than one occasion. You may find the defendant guilty of this offense only if you all unanimously agree as to [at] least one of the instances the defendant committed the offense. This means that you may not find the defendant guilty unless you all agree that the state has proved beyond a reasonable doubt that the defendant sexually assaulted [N] by digital penetration on at least one specific and agreed upon occasion between 2007 and 2011." The court provided the jury with a substantively identical instruction for each of the counts of first degree sexual assault, highlighting that the jurors had to unanimously agree that at least one specific instance of the applicable conduct alleged in each count, i.e., one specific incident of penile-vaginal penetration, cunnilingus, or fellatio, had occurred.

The jury found the defendant guilty on all counts.[2] The trial court sentenced the defendant to a total effective sentence of twenty-five years of incarceration, execution suspended after twenty-one years, followed by ten years of probation. This direct appeal followed. See General Statutes § 51-199 (b) (3).

On appeal, the defendant asserts that, notwithstanding the fact that the trial court gave a specific unanimity instruction for each count of first degree sexual assault, the court should have also, sua sponte, required the jury to answer special interrogatories on the subject

with the intimate parts of N in a sexual and indecent manner that was likely to impair her health and morals.

With respect to Y, the state also charged the defendant with committing multiple offenses between 2007 and 2012, when Y was under the age of thirteen and the defendant was more than two years older than her. Specifically, the state charged him, in three separate counts, with (1) sexual assault in the first degree in violation of § 53a-70 (a) (2) for allegedly digitally penetrating Y, (2) sexual assault in the first degree in violation of § 53a-70 (a) (2) for allegedly engaging in fellatio with Y, and (3) risk of injury to a child in violation of § 53-21 (a) (2) for allegedly having contact with the intimate parts of Y in a sexual and indecent manner that was likely to impair her health and morals.

[2] The defendant also was convicted of two counts of risk of injury to a child in violation of General Statutes § 53-21 (a) (2). He does not challenge those convictions in this appeal.

of unanimity because the sexual assault charges were duplicitous. The defendant further argues that, without such special interrogatories, he does not know which of the instances formed the basis of his conviction. As a result, he contends, the jury instructions in these cases failed to provide him with any guarantee that the jurors reached a unanimous verdict.

The defendant concedes that he did not preserve this constitutional claim and seeks review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015). Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: **(1)** the record is adequate to review the alleged claim of error; **(2)** the claim is of constitutional magnitude alleging the violation of a fundamental right; **(3)** the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and **(4)** if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis omitted; footnote omitted.) *State* v. *Golding*, supra, 239–40; see also *In re Yasiel R.*, supra, 781 (modifying third prong of *Golding*). "The first two steps in the *Golding* analysis address the reviewability of the claim, [whereas] the last two steps involve the merits of the claim." (Internal quotation marks omitted.) *In re Vada V.*, 343 Conn. 730, 741, 275 A.3d 1172 (2022). The state does not assert that the record is inadequate and concedes that the claim is of constitutional magnitude.[3] Because we agree that the record is adequate and that

---

[3] The state asserts that, because the defendant did not request special jury interrogatories on the subject of unanimity at trial, despite defense counsel having been given the trial court's proposed jury instructions to review, afforded a charge conference, and an opportunity to take exception to the instructions as given by the court, this claim is waived under *State* v. *Kitchens*, 299 Conn. 447, 482–83, 10 A.3d 942 (2011), and, thus, fails under the third prong of *Golding*. Because we conclude that the trial court did not infringe on the defendant's federal constitutional right to unanimity, we need not address the waiver issue.

the claim is of constitutional magnitude, we review the merits of the defendant's claim.

In considering the defendant's claim, we do not write on a clean slate. Indeed, we recently addressed in *State* v. *Douglas C.*, supra, 345 Conn. 421, the question of what the sixth amendment to the United States constitution requires when, as in the present cases, the state charges a defendant in a single count with a particular crime but presents evidence to the jury that the defendant committed the alleged crime on multiple, separate occasions. See id., 432–48.

In *Douglas C.*, this court recognized that a claim of unanimity as to instances of conduct arises "[w]hen a single count [of a criminal information] . . . charge[s] the defendant with having violated a single statute in multiple, separate instances, each of which could establish a separate violation of the statute . . . ." Id., 445; see also id., 442. Counts of an information charging defendants in this manner are duplicitous. See id., 445, 448. The concern presented is that, when a defendant is convicted of, for example, a single count of violating a statute that is premised on evidence that the defendant had assaulted a victim on multiple occasions and on separate dates, the jury, in finding the defendant guilty of that crime, may have agreed that the defendant committed assault but may not have agreed which particular incident of assault the defendant had committed. See id., 441. This concern threatens the defendant's constitutional right to a unanimous verdict. See id., 442. To address that concern, we clarified in *Douglas C.* that a duplicitous count does not violate the defendant's right to a unanimous verdict if, as in the present cases, the trial court gives a specific unanimity instruction. See id., 445–46. Here, in accordance with our holding in *Douglas C.*, we conclude that the defendant's right to a unanimous jury verdict was not violated because the trial court issued a specific unanimity instruction for each count of first degree sexual assault. For each count of sexual assault, the court explained to the jurors that they had to be unanimous

as to at least one specific and agreed on instance of the conduct alleged in each count. For example, as we previously discussed, the court explained to the jury: "This means that you may not find the defendant guilty unless you all agree that the state has proved beyond a reasonable doubt that the defendant sexually assaulted [N] by digital penetration on at least one specific and agreed upon occasion between 2007 and 2011." The court provided the jury with a substantively identical unanimity instruction for each count of sexual assault related to N and each such count related to Y.

The defendant concedes that the trial court's instructions were proper unanimity instructions, consistent with this court's holding in *Douglas C.* Nevertheless, the defendant urges this court to "require the use of [special] interrogatories in addition to a [specific] unanimity instruction to cure any duplicitous counts." We decline to do so.

The defendant has failed to demonstrate that the federal constitution requires the use of special interrogatories on the subject of unanimity in addition to a specific unanimity instruction to protect a defendant's constitutional right to a unanimous jury verdict. In the present cases, each unanimity instruction required the jury to unanimously agree on at least one of the instances of conduct that constitutes the charged crime. As this court has repeatedly stated, "[w]e presume that a jury follows the trial court's instructions unless a challenging party can show that the jury failed or declined to do so." (Internal quotation marks omitted.) *State* v. *Sharpe*, 353 Conn. 564, 596–97, 343 A.3d 408 (2025). The defendant does not argue that the jury in the present cases failed to follow the trial court's instructions. Consequently, we have no doubt that the jury unanimously agreed on at least one specific incident of sexual assault with respect to each count of sexual assault. The United States constitution requires nothing more.

In sum, the defendant has not provided any authority, and we have found none, to support the proposition

that the federal constitution requires both a specific unanimity instruction and special interrogatories on the subject of unanimity when the state has charged a defendant in a single count of an information with violating a single statute in multiple, separate instances. Because the duplicitous information in these cases was cured by specific unanimity instructions, we conclude that the defendant's right to a unanimous jury verdict was not violated.[4]

The judgments are affirmed.

In this opinion the other justices concurred.

---

[4] Interrogatories are sometimes used in criminal trials in this state when requested by a party or when otherwise required, such as when the jury is required to find a fact necessary for a sentence enhancement. See, e.g., *State* v. *Anderson*, 158 Conn. App. 315, 335–36, 118 A.3d 728, cert. granted, 319 Conn. 907, 123 A.3d 438 (2015) (appeal withdrawn May 5, 2016), and cert. granted, 319 Conn. 908, 123 A.3d 437 (2015) (appeal withdrawn May 4, 2016). Indeed, the trial court did use special interrogatories on the issue of the victims' ages in the present cases. Because neither party requested interrogatories on the issue of unanimity, and the defendant does not claim that they were otherwise required by existing law, we have no occasion to address whether it would have been appropriate for the court to submit such interrogatories to the jury had they been requested.